Good morning, Your Honors, and may it please the Court, Brianna Fuller-Meerthoef on behalf of Benjamin Ava Barrera. Your Honors, this case presents not one but two substantial sentencing errors. The first, that the District Court failed to rule on the defense's sentencing objections to the PSR, a requirement that this Court has said calls for strict compliance. The second is the assessment of criminal history points based on a failure to register conviction that was relevant conduct to the incident offense. For both of these reasons, and certainly when those reasons are considered in tandem, this case should be remanded for resentencing. The question is whether it arises to be plain error. Is that correct? The Rule 32 question is a plain error question, Your Honor, yes. The failure to register and whether it's relevant conduct would be clear error because it's a factual question. The first question we've raised is the District Court's compliance with Rule 32 and its mandate that the District Court either rule on objections to the PSR or decide that it need not rule on those objections because the matter won't affect the sentence. Is it rule on objections or rule on factual objections? The Rule states any objections to the PSR. Legal objections are accepted from that, but this was a factual objection. This is a question about Mr. Barrera's motivation for failing to register. And in Rivera-Sanchez, this Court said that that was a factual question. I'm sorry, that's Lozano-Torres. So this was a factual objection that needed to be ruled on, and not only ruled on, but ruled on explicitly, as this Court has said a number of times. The District Court's limited comments in this case, which was literally only that the guideline range was appropriate, is not a ruling on the objection. It's left unclear whether the Court had seriously considered the objection and decided to overrule it or whether it simply overlooked the existence of the objection. There's no way for this Court to tell which of those two things occurred. Now, the government claims that the Court's finding of the ultimate guideline range was an implicit overruling of the objection, but as I've stated in my briefs, Doe is really devastating to the government on that point. In Doe, it was pretty clear, based on comments the Court had made during the hearing, how it would have ruled on the minor rule and the other objections made by the defendant. Not only that, but in a bigger blow to the government's case here, the District Court in Doe did state the guideline range that it found applied, which, according to the government's argument, by implication would have meant that the objection was overruled. This Court said even if we're pretty confident that we know what the outcome would be because of the Court's comments about disparity or because of the Court's statement of the ultimate guideline range, we still are going to send it back because we have this strict rule requiring explicit rulings on objections to the PSR, and that's not an explicit ruling. Now, the government, in addition to this argument about the ultimate guideline range being enough, also cites the Riley case, so I want to take a second to deal with that one. Riley is the case where the District Court stated that it was adopting the findings of the PSR. Riley doesn't really contradict Doe or Houston or any of the other cases cited in Doe. It doesn't say you don't need an explicit finding of fact. What it says is that explicitly adopting the findings of fact that are in the PSR constitutes an explicit finding of fact. And the recommendations, if the Court adopts the PSR's recommendations. What the Riley Court said was that the District Court adopted the PSR and its findings of fact, right? So that's a case where there was an explicit finding of fact. It was saying I'm explicitly adopting the findings of fact that are in the PSR. In this case, the District Court didn't adopt the PSR, and it didn't adopt the PSR's finding of facts, so Riley can't help the government in this case. Given the clarity of the rule here and given the effect on the guideline range that this objection had, it's all the more important that this case be sent back for an explicit finding on the criminal history objection. Now, the Court could stop there. The Court could stop and say we want the District Court's wisdom and ruling on that question. But there is a second issue here that the Court, we believe, should address, and that's the question of what motivated Mr. Barrera not to register as a sex offender. Was it indeed an attempt to avoid his detection in this country, the detection of the incident offense? So if it's part of the relevant conduct to the crime, is the theory that it's kind of double counting to also include it as another criminal history point? It wouldn't necessarily be actual double counting in this case, but what Lozano-Torres says is if it's going to count anywhere, it has to count in the offense level and not in the criminal history. If it's relevant conduct. If it's relevant conduct, okay. Right. So again, you kind of have to trace the guidelines. Does it change the offense level? In this case, it would not. In some cases, it does, and that's what Lozano-Torres recognizes. In a case like I think Lozano-Torres was taking off when the cops were chasing him, right, a failure to yield to the arrest, that might have impacts on the offense level if there was a reckless driving or danger to other victims. In this case, it doesn't have an impact on the guideline, but that doesn't change the meaning of Lozano-Torres, which is that if it's going to count anywhere, it has to count in the base offense level. Counsel, could we go back to the dispute in the record regarding the criminal history? So what was the actual dispute that was raised in court? Sure. So could you take us to the record and show what the actual dispute was? Sure. The defense made an objection in its sentencing position paper, which was at ER 32 and 33. And what was the specific nature of the objection just to the criminal history? It was to the criminal history. It was to say that that failure to register conviction should not have gotten criminal history points because it was an attempt to avoid his detection in the United States. Does that make sense? Right. Is that ER 32? The defense's position paper is at ER 32 and 33 is where that objection is raised and makes the argument that the failure to register was not. So if it's an attempt to avoid detection, does it have to be part of the underlying offense or no? So if it counts as relevant conduct, it's not criminal history. That's what Lozano-Torres says. Relevant conduct includes any conduct which was undertaken in an attempt to avoid detection of the offense, here the offense being that he's in the United States. So what this all ends up turning on is what was Mr. Barrera's motivation for failing to register as a sex offender when he got back? We think the clear inference is that Mr. Barrera, after having traveled from Michoacan, Mexico, all the way to Ventura County, having finally gotten back to his home, to where he lived, would not have immediately gone to the sheriff's office and turned himself in to register as a sex offender.  But the government didn't have the burden to show that. The government just had the burden to show that he failed to register. That's not exactly right. The government has the burden not only to prove anything that would result in an increase in the guideline, which a criminal history point does, and this Court has said a number of times. I think we've cited a couple cases in our brief, but there's certainly others. But the criminal history point was based on his failure to register. The motive didn't come into play until the defense tried to mitigate the failure to register. But the government met its burden for purposes of the criminal history point when it put into evidence the failure to register. I would, I guess, respectfully disagree. I think the cases we cited in our brief, and also there's the Hahn case, which is at 960 F. 2nd, 903, which I think is cited, but I'm not sure, says the burden is on the government, not only for the criminal history conviction, but for proving relevant conduct questions. And so while there is a limited exception, which is for the constitutionality of a conviction, on that the defense has the burden, on other relevant conduct questions, it's clearly the government. But the government was not trying to prove relevant conduct. That was the spin that the defense put on the conviction. The government put it in simply as having a prior conviction for criminal history purposes. I understand what you're saying. It's still the government's burden to, if it wants to add those criminal history points, because it's the one that's seeking to have the increase in the sentence, the 11-month increase in the guideline range in this case. It bears the burden of proving that the conviction was not relevant conduct, because it's the one that's seeking the enhancement. The government hasn't addressed the burden question. I imagine they will in a moment. In their briefing, the main point they raised was that the defendant didn't put in a declaration to the extent of what his motive, to explain what his motivation was. I see I only have 30 seconds, so I'll just try to wrap this up real quickly. But if the district court judge was going to resolve that, he could have put the defendant on the stand. I'm sorry? He could have put the defendant on the stand. I've done that in sentencing. He could have theoretically, if it's the government's burden, the government would have to put the issue, would have to join the issue. I'll reserve my five seconds. Good morning, Your Honors. May it please the Court. Ashley Aul for the United States. I wanted to start by addressing plain error and a couple of reasons why in this case, though it's certainly the government's contention that there was no error at all under Riley and under Clark, that whatever error might have occurred cannot be plain. I think the first reason it can't be plain is under Riley, which defense counsel just addressed. Riley indicated that where a district court adopted the recommendations and findings of the PSR, that that was sufficient under Rule 32 to resolve a factual dispute about the PSR. Was that then here? Pardon me? The district court expressly adopted? The district court in this case adopted the recommendation of the PSR. But not the findings? Not explicitly the findings. Right. So why would Riley control? I think in the context of plain error, certainly. By the time we're talking about. There's one objection here. I mean, so I don't know. I'm not certain that plain error is the correct standard of review because he did file a written objection. And, you know, I know with some judges, you file a written objection, that's the objection. And if you make it again, you, you know, can be admonished. I think this, in a similar way in most sentencing cases where there are procedural challenges and substantive challenges, I think there's no dispute that the substantive challenge was preserved. And that was what the objection was that was filed. Plain error applies because the procedural challenge was not raised. The procedural challenge is to whether the district court checked all the boxes procedurally under Rule 32 or under CARDI that needed to be checked at the time of announcing the sentence. Because oftentimes the defense will say, Your Honor, my objection wasn't resolved. Exactly. Or the court didn't make sufficient findings or could have asked for the findings. And by the time we're talking about magic words under Riley, whether or not the district court said two or three too few words, I think that error can't be considered clear or obvious under the plain error standard. Let me just ask a question here. Riley seems to me distinguishable. District court adopted the recommendation and the findings of that. How do we get around the fact that the district court here found the pre-sentence report calculations appropriate but did not adopt the findings of that? Your Honor, I think, again, by the time we're talking about plain error, I think that is enough for it not to be clear or obvious. But to address exactly Your Honor's point, our contention that no error occurred at all, Riley doesn't stand alone. I think also Clark, which is a memorandum disposition, which postdated Riley, which we've cited in our papers, adopted a similar approach. And though I do, of course, accept. That's not precedential, of course. I mean, it's from 2011, so it is citable. Citable, but it's not precedential. Yes, Your Honor. And on the plain error issue, I think there's a second and, frankly, very interesting second reason why this error can't be plain. Because it's not really clear that this was a factual dispute at all as it was raised by defendant. Looking at ER 32-33, which defense counsel pointed the court to a moment ago, there is no factual dispute at all. It's factless. It's almost a Shepard-Taylor analysis of whether in light of the nature of this offense of failing to register, it involves an element of evasion that inferentially could be part of an attempt to avoid detection for 1324. Isn't there a factual issue as to his motivation in failing to register? I mean, it might have been better to just get him on the stand at that point. Yeah, I think there certainly could be a factual issue. I think the Grajeda case that we've cited indicates, though, that you sort of judge the factiness of how an issue was raised, not just by the sort of platonic ideal of that issue, but how it was actually raised. And in this case, it was raised, I think, fairly as a legal issue, or at least, at best, a quasi-factual issue. And Rule 32 precedents indicate that the district court doesn't need to make explicit findings at all on legal issues. And again, keeping in mind that this is plain error, it can't be clear or obvious here. I think this is a mixed question of law and fact. I could see this as a mixed question of law and fact. The law question is, does it belong in relevant conduct, or does it belong as prior criminal history? But the factual question that needs to be decided before that is whether he didn't register because he was trying to avoid detection. And, in fact, that inference is supported in the record because it wasn't until he was convicted of failing to register that the government found him in the United States, right? That's true, Your Honor. Respectfully, I don't think that inference is supported in the record. And I think looking even at Rivera-Gomez indicates why that inference isn't appropriate, just looking at the nature of the offense here, the offense being the failure to register. Rivera-Gomez rejected that kind of categorical approach. Rivera-Gomez, there were far more facts than there were here about the circumstances that led to the person's resisting and running away and evading the cops, I think, for two or three weeks before being apprehended. Similarly there, Rivera-Gomez was only charged with a 1326 offense after being charged with the, I think it was resisting charge in that case. And even on that record, this court held that he couldn't find as a matter of law that that was trying to, pardon me, that was part of relevant conduct and remanded for a factual finding by the court. I think it's also interesting in Rivera-Gomez, there's a discussion of a line of cases including, I believe it's called Cruz-Gramajo, and it's discussed at pages 513 to 515 of Rivera-Gomez. And that line of cases dealt with very similar challenges in the challenge here. In that line of cases, defendants alleged that anything they did during the continuing offense of a 1326 violation would be relevant conduct because the definition of relevant conduct includes offenses committed during the commission of the offense at issue. And so the argument went, because 1326 is a continuing offense that may go on for months or years, anything you do during that time per se happens during that same period. Counsel, do you agree with opposing counsel that the government bore the burden of showing the motive? You know, I don't, Your Honor. Frankly, this isn't an issue that I think is very well raised in this case. One, because I think it's not clear there was a factual dispute. And two, because even if it were the government's burden, I think there are facts sufficient to meet it. That said, I think it's a very interesting question. And I've looked at all of the cases the defendant cited, all the cases that were just discussed today. And I think the reasoning of the constitutional cases that defense counsel discussed, which is United States v. Dominguez was what was cited in the reply, bears the most similarity to the situation here. That line of cases held during a period where there was a sentencing guideline that said that particular sentences that were obtained in violation of a defendant's constitutional rights couldn't be used for criminal history points. It analyzed the burden of proof under that application note, which no longer exists. And it held, based on the language of that application note, the defendant bore the burden of proof to sort of take away the points from a particular conviction. But it wasn't just based on the language of that application note. United States v. Newman, which I'd be happy to submit to the Court, it's cited in Dominguez. It's where the Court first held as a matter of first impression what this burden was. And in Newman, Newman looked to the language of that application note, which we can do here. It also noted that it's often the defendant who participated in the earlier proceedings resulting in conviction who is in the best position to challenge the conviction on constitutional grounds. Here, for example, the Federal plaintiff was not a party to the contested State court proceedings. And then third, because it comported with questions of offense level, in which, in general, the government bears the burden of proof when seeking to raise the offense level. And with some exceptions, of course, the defendant bears the burden of lowering the offense level. I think the reasoning there is applicable here. I think it comports with common sense. I think it comports with the language of the way the criminal history section is written. But that said, I admit I think it's a question of first impression in this Court. And I think given this case, which I think is at best a mediocre vehicle to reach the question, I think it would be better not to reach it. That said, if the Court is interested, the government would be happy to submit additional briefing on that point. If the Court has no further questions, the government will submit. All right. Thank you. Thank you, counsel. I'll try to use very well my three seconds here. The government talks about, you know, we're getting down to magic words. When the Court adopts the finding of facts, it at least acknowledges that there's a factual dispute. It's not at all clear that that's what the district court did. And that's why it's not merely a matter of magical words. It's something that this Court needs to pay attention to. The government now disputes that this is a factual question in its own brief at pages 10 to 11. It says that this Court has recognized that the determination is a factual issue. That's what I was just looking at. But the brief was written by AUSA Donna Ford. And we have a different AUSA here. We still have the government here. I know. I'm just saying that they're making two different arguments in the brief. I don't know that they can get out of that by substituting counsel. No, I know. As much as I love Ms. Ault. The Rivera-Gomez case, the government talks about how there were more facts there to support why he would have run from the cops. That's because you need more facts in that kind of case. There's more reasons why a person might attempt to evade an officer. With a failure to register, the inference is much more clear. I agree with the government it might be a really interesting point about the burden question, but there's just too much water under the bridge. The court has already said that relevant conduct and criminal history, both of those, the burden is on the government. With that, I'll submit. All right. Thank you very much, counsel. United States v. Rivera is submitted.
judges: Nelson, Wardlaw, Rawlinson